UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEWART PERSINGER,

    Plaintiff,

v.                                Case No.  4:23-cv-96-MCR-MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

Upon review of Plaintiff Stewart Persinger's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. Background

Plaintiff currently is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is "759589." Doc 1 at 1.[1] On March 6, 2023, Plaintiff filed a complaint alleging that, in violation of the Eighth Amendment, the Secretary of the Florida Department of Corrections and unnamed correctional officers failed to protect Plaintiff from a serious risk of harm from other violent inmates.

---

[1] The page numbers cited are those automatically assigned by the court's "Case Management/Electronic Case Files" system.

## II. Discussion

**A.     <u>Screening of Plaintiff's Complaint</u>**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process

under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.**     **Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 8–11. The complaint form asks three questions:

> A. Have you ever had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or related to the conditions of your confinement?

*Id.* at 8–9. After each question, the complaint form instructs the user to list **each case** that is responsive for each question. *Id.* at 8–9. It also advises the user that they may attach additional pages when necessary to list all their cases. *Id.* at 9, 11.

In response to Question A, Plaintiff responded "Yes." Although he did not have all the information, he indicated that between 1993 and 1995, he filed a civil

action in federal court in Virginia, which was dismissed as frivolous. Doc. 1 at 8. This case was: *Persinger v. Ware*, No. 7:95-cv-298-SGW (W.D. Va. Apr. 6, 1995) (dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(d)).[2] Plaintiff did not disclose any other cases. Doc. 1 at 8.

In response to Question B, Plaintiff responded "No." *Id.* at 9. He did not disclose any responsive cases. *Id.*

In response to Question C, Plaintiff responded, "Yes." *Id.* at 9. He disclosed that he filed three state actions in Florida's Second District Court of Appeal. *Id.* at 10. He also disclosed that he filed in the Middle District of Florida (Tampa specifically) a petition for writ of habeas corpus. *Id.* He indicated this petition was denied on the merit. *Id.* That case was: *Persinger v. Welhousser*, No. 8:17-cv-451-WFJ-CPT (M.D. Fla. Jan. 12, 2017). He did not disclose any other cases. Doc. 1 at 10–11.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under the penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and

---

[2] Under the prior version of the *in forma pauperis* statute, "§ 1915(d) authorize[d] federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (11th Cir. 1989).

correct." *Id*. at 11–12. Thus, at the time Plaintiff signed his complaint, he asserted that he had filed only two prior federal actions and three state court actions.

**C.    Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint, he failed to disclose, among others, the following four cases:[3]

- *Persinger v. Metzger*, No. 3:94-cv-702 (E.D. Va. Sept. 1, 1994) (a section 1983 claim dismissed prior to service);

- *Persinger v. Saunders*, 96 F.3d 1439 (4th Cir. 1996) (dismissing Plaintiff's habeas appeal);

- *In re: Stewart Persinger*, No. 18-14741-B (11th Cir. Nov. 13, 2018) (a petition for writ of mandamus requesting that the Eleventh Circuit compel the Middle District of Florida to rule on his habeas petition challenging his conviction); and

- *Persinger v. Warden*, No. 19-11774-D (11th Cir. May 6, 2019) (habeas appeal).[4]

---

[3] For sake of brevity the undersigned lists only four of Plaintiff's omissions.

[4] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Each of these cases were responsive to Question A or Question C on the complaint form. Because he failed to disclose these cases and appeals, and others, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

### D.     The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out

Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true when an inmate has extensive litigation history in several different states. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases and appeal that related to the conditions of his confinement

or challenged his conviction. Doc. 1 at 8–11. Indeed, the complaint form contains at least three reminders that the prisoner-plaintiff must identify all prior cases. *Id.* at 9–11.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions); *see Daniels v. Culpepper*, No. 5:22-CV-112-TKW/MJF, 2022 WL 3030544, at *1 (N.D. Fla. Aug. 1, 2022) ("[T]he litigation questions on the complaint form are simple and straightforward and do not require a legal education to answer."). Further, at least Plaintiff's petition for writ of mandamus and his habeas appeal were filed in 2018 and 2019, respectively. Thus it would strain credulity that Plaintiff simply could not remember anything about these cases. Even so, to the extent he could not remember fully his litigation history or was unsure whether to disclose the case, Plaintiff could have indicated that on the complaint form. He did not. Rather, he affirmatively represented that he had filed only two prior federal lawsuits before commencing this action. Further, as United States District Judge T. Kent Wetherell, II, recently explained:

> the fact that Plaintiff allegedly did not have information about his prior lawsuits is not an excuse for his failure to disclose his litigation history

> because Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021)). Indeed, "it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison." *Id.*

*Mathews v. Westly*, Case No. 5:22-cv-85-TKW-MJF, Order Adopting Report and Recommendation, ECF No. 24 at 2–3 (N.D. Fla. Nov. 10, 2022); *see also* Fed. R. Civ. P. 11(a) (requiring a party to make a good faith investigation for any allegations or statements contained in pleadings filed with the court).

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.     **The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process

in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[5] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future

---

[5] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint has been ongoing and was occurring at the time he wrote his complaint. Doc. 1 at 5. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 25th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to**

**challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**